Filed 9/27/16  Stone v. County of Los Angeles CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN STONE, | B261747 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC483604) |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Affirmed.

Oscar E. Toscano for Plaintiff and Appellant.

Kessel & Associates, Elizabeth M. Kessel and Armineh Megrabyan, for Defendants and Respondents.

## INTRODUCTION

Plaintiff Brian Stone has worked for the County of Los Angeles (County) as an accountant for more than 30 years. In 1991, he transferred from the County's Treasury and Tax Collector's Office to the County's Sheriff's Department (sometimes referred to as the Department) to work as an Accountant II. Since transferring to the Department, Stone has never received a promotion. In April 2011, Stone, who was then 61 years old, applied for a promotion to Accounting Officer I. Although he was selected for an interview, Stone was not awarded the promotion. The Department opted to promote an employee who was eight years younger than Stone, but who was working in a higher ranking position than him and had more experience than him performing tasks relevant to the duties of an Accounting Officer I. In 2012, Stone sued the County[1] for, among other claims, discrimination, harassment, and retaliation based on his age under the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).[2] The trial court granted the County's motion for summary judgment and dismissed Stone's lawsuit.[3] We affirm.

---

[1] Specifically, Stone named the County, the Sheriff's Department, the Los Angeles County Metropolitan Transit Authority, and two supervisors from the Sheriff's Department as defendants. For the sake of convenience, we sometimes collectively refer to the defendants as the County.

We also note that the Metropolitan Transit Authority is not a party to this appeal. The agency was dismissed from the case on February 19, 2013, and Stone does not challenge the agency's dismissal on appeal.

[2] All undesignated statutory references are to the Government Code.

[3] Stone also appears to contend that the trial court erred by striking certain paragraphs in the operative pleading. Stone, however, fails to support this contention with relevant legal authority. Accordingly, his challenge to the court's ruling on the motion to strike is deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656.)

## FACTUAL AND PROCEDURAL BACKGROUND

### I.      Stone's Employment History

Around 1981, Stone was hired as an accountant in the County's Treasury and Tax Collector's Office. Stone worked in that office for about 10 years and received five promotions before transferring to the Sheriff's Department in early 1991, where he has since worked as an Accountant II in the Department's Facilities Services Bureau. About five years after Stone transferred to the Department, he filed a lawsuit against the County for age discrimination. That lawsuit was dismissed and a judgment was entered in favor of the County.

As an Accountant II, Stone's primary responsibilities include reviewing, processing, and paying invoices directed to the Facilities Services Bureau. He is not responsible for supervising other employees, and he has never supervised any employee since joining the Sheriff's Department. According to William Dibble, the director of the Department's Facilities Services Bureau, Stone is a very good worker and has received positive performance evaluations from his direct supervisor. Since joining the Sheriff's Department, Stone has never been promoted from the Accountant II position.

In early 2011, the Sheriff's Department announced an opening for the position of Accounting Officer I in its Fiscal Administration Bureau. To be eligible to be hired as, or promoted to, an Accounting Officer I, applicants needed to be on the Accounting Officer I Certification List or currently serving as an Accounting Officer I in another department. The County listed the following desirable qualifications for the Accounting Officer I position: the ability to train and supervise other employees; experience with accounting principles and procedures; experience with full-cycle accounting and the preparation of financial statements; and the ability to handle audit reviews performed by the County and other agencies.

The rules governing the Sheriff's Department's promotion process are set forth in the County's Civil Service Rules and the Sheriff's Department Manual of Policies and Procedures. An employee cannot apply for a promotion to a new position until an examination for that position has been announced. To sit for an examination, an

3

applicant must meet the minimum requirements for the advertised position. If an applicant meets the minimum requirements, he or she will be administered an examination that tests the applicant's qualifications for the advertised position. The administrators of the examination are not aware of the applicant's identity. For some promotion opportunities, the County requires each applicant to obtain an "Appraisal of Promotability," which is an assessment of the applicant's potential performance in the advertised position conducted by the applicant's current supervisor. After an applicant completes an examination, he or she is placed on an eligibility list and ranked in one of five "Bands," with Band I being ranked the highest and Band V being ranked the lowest. Under rule 10.06 of the Civil Service Rules, an eligibility list remains active for 12 months, at which point the list is automatically terminated, unless the director of personnel orders the list to remain active for a longer period of time.

On February 22, 2011, Stone, who was then 61 years old, took an eligibility examination for the Accounting Officer I position. Stone received a score of 96.5, placing him in Band I, along with six other applicants. Stone and the six other applicants who scored in Band I were offered interviews. At the time they were interviewed, the ages of the six other employees were 40, 42, 53, 59, 61, and 62 years.

Glen Joe is the director of the Sheriff's Department's Fiscal Administration Bureau. Although he did not conduct, or participate in, the interviews of the applicants, Joe was responsible for making the final decision as to which applicant would be promoted to the Accounting Office I position in the Fiscal Administration Bureau.

In May 2011, Jaime Ocampo, the assistant director of the Fiscal Administration Bureau,[4] and two other employees from that bureau, interviewed the seven applicants, including Stone. Following the interviews, Ocampo recommended that Joe award the promotion to a female applicant who was 53 years old and who was serving as an Accountant III, the highest non-officer accountant position in the County. After

---

[4] Ocampo retired from the County before the underlying summary judgment motion was filed.

4

reviewing the file for the promotion opportunity and Ocampo's recommendation, Joe decided to award the promotion to the 53 year old applicant. Joe awarded her the promotion because she was already an Accountant III (while Stone was only an Accountant II) and had experience supervising accountants in lower positions, such as Accountant IIs. She also appeared to be a good supervisor and had very broad accounting experience within the Sheriff's Department.

According to Joe, he had no knowledge of Stone's age throughout the promotion process. Nor was he aware Stone had filed a lawsuit against the County in 1996 or filed other claims, complaints, or grievances with the County.

On February 22, 2012, one year after he took the eligibility examination, Stone's name was removed automatically from the certification list for the Accounting Officer I position, per rule 10.06 of the County's Civil Service Rules.

## II.    Stone's Lawsuit

On October 7, 2011, Stone filed a complaint with the Department of Fair Employment and Housing (DFEH), alleging that on April 8, 2011, the Sheriff's Department retaliated against him for engaging in activity protected under the First Amendment. On November 4, 2011, DFEH sent Stone a letter informing him that the agency had closed his case and that he had a right to bring a civil action against the County for violations of FEHA. On April 23, 2012, Stone filed a second complaint with DFEH, alleging that on January 26, 2012, the Sheriff's Department engaged in age-based discrimination, harassment, and retaliation, and that the Department failed to prevent age-based discrimination or retaliation. That same day, DFEH issued Stone a right-to-sue notice for his second complaint.

On April 26, 2012, Stone filed a lawsuit against defendants. Stone alleged six causes of action: (1) discrimination under FEHA (§ 12940, subd. (a)), against the County and the Sheriff's Department; (2) retaliation under FEHA (§ 12940, subd. (h)), against the County and the Sheriff's Department; (3) harassment under FEHA (§ 12940, subd. (j)(1)), against the County and the Sheriff's Department; (4) failure to prevent discrimination, harassment, and retaliation under FEHA (§ 12940, subd. (k)), against the

5

County and the Sheriff's Department; (5) retaliation under Labor Code section 1102.5 and Government Code section 53298, against the County and the Sheriff's Department; (6) negligence, against the Metropolitan Transit Authority; and (7) conspiracy to violate, and violation of, Civil Code section 52.1, against all defendants. All of Stone's FEHA causes of action alleged that the County and the Sheriff's Department had discriminated against, or harassed, Stone because of his age, or had retaliated against him for engaging in protected activity in response to the County's alleged age discrimination and harassment. On August 7, 2012, Stone filed a first amended complaint (FAC) alleging the same causes of action against the same defendants.

In addition to allegations concerning the Sheriff's Department's decision to not promote Stone to Accounting Officer I in May 2011 and the automatic removal of Stone's name from the Accounting Officer I eligibility list in February 2012, Stone set forth in the FAC allegations concerning more than 30 incidents and altercations between himself and Sheriff's Department personnel, or those alleged to be acting at the direction of the Sheriff's Department, that occurred between 1995 and February 2010. Stone generally alleged that many of the incidents and altercations involved acts of discrimination, harassment, or retaliation by the Sheriff's Department that were motivated by Stone's filing of an age discrimination lawsuit against the County in 1996. However, in setting forth the individual allegations, Stone did not allege that any Sheriff's Department personnel involved in those incidents and altercations were aware of his 1996 lawsuit. With the exception of one allegation concerning an incident that occurred in February 2010, Stone also did not allege that any of the Sheriff's Department personnel harassed or discriminated against him because of his age, or that they had engaged in conduct or made remarks that would indicate that they were motivated to act because of Stone's age. With respect to the February 2010 incident, Stone alleged that on February 26, 2010, "Sheriff's Department manager John Carillo and Sheriff's Department supervisor Shaw Foster stood next to Stone's work cubical and talked about the 'old employee' that needed to leave, referring to Mr. Stone and

6

intending for Mr. Stone to hear this comment in an attempt to intimidate and harass him."

The following are examples of Stone's individual allegations of harassment and discrimination that occurred between 1995 and February 2010, but which do not allege any connection between the complained-of acts by the Sheriff's Department personnel, or those acting at the direction of the Sheriff's Department, and Stone's age or his filing of the 1996 age discrimination lawsuit. Beginning around 1995, Stone regularly picketed against the Sheriff's Department for two or three years. Stone did not allege why he picketed against the Department, but he claimed that he was regularly subjected to "humiliation, discrimination, retaliation, and threats for exercising his rights." In 1999, Stone "wrote a complaint to Undersheriff Paul Myron, because Sheriff's Department employees intentionally turned their leave [*sic*] blowers on [Stone] after he parked his car and walked to his office." In 2001, "Gilbert Taylor informed [Stone] that he had a nail in the front driver's side tire of his car. When [Stone] returned to his work office, Taylor was giving [Stone] a hateful stare." In 2002, Stone discovered that his car had been sprayed with insecticide while it was parked in the Sheriff's Department's employee parking lot.

Stone also alleged that around 2008, the Sheriff's Department denied his request for a promotion to Accountant III. After his request was denied, Stone met with personnel in the Sheriff's Department human resources office. Stone also requested a hearing before the Civil Service Commission, which was denied. Stone did not, however, allege any facts concerning the promotion process, such as which employees within the Sheriff's Department were responsible for deciding whom to promote to Accountant III, how he was treated during the promotion process, or who received the promotion to Accountant III.

On September 11, 2012, the County file a motion to strike from Stone's FAC the allegations concerning the incidents that occurred between 1996 and February 2010. The County argued the allegations were time-barred under FEHA's one-year statute of limitations because they occurred more than one year before Stone filed his first

7

complaint with DFEH on October 7, 2011. On January 31, 2013, the court granted the County's motion to strike with leave to amend.

On February 25, 2013, Stone filed the operative second amended complaint (SAC). Stone's FEHA causes of action in the SAC are based on the same theories of age-based harassment, discrimination, and retaliation alleged in the FAC. Stone again included allegations concerning the incidents that occurred between 1995 and February 2010. Although those allegations vary slightly in form from the allegations that were struck from the FAC, they are nearly identical in substance. Stone also added allegations that he had filed numerous complaints and grievances with Sheriff's Department and County personnel in response to those incidents. Stone alleged that his complaints and grievances were not adequately addressed. However, Stone did not allege any facts connecting the incidents, and his filing of complaints and grievances in response to the incidents, to his age or his filing of an age discrimination lawsuit against the County in 1996.

Stone also alleged additional facts addressing the Sheriff's Department's denial of his request for a promotion around 2008. However, Stone again did not allege any facts identifying which employees within the Sheriff's Department were responsible for deciding whom to promote to Accountant III, addressing how he was treated during the promotion process, or identifying who received the promotion.

Stone also included allegations addressing more than 10 incidents of harassment and discrimination that he claimed occurred after October 7, 2010. With respect to some of the incidents, Stone alleged that they involved Sheriff's Department or County personnel. For example, Stone claimed that in December 2011, he was poisoned by an unidentified Sheriff's Department employee who replaced the creamer in the coffee room with "a white cream-like poison," knowing that Stone was the only person who used the creamer. However, with respect to other incidents, Stone did not allege that any Sheriff's Department or County personnel were involved. For example, Stone alleged that on April 8, 2011, he was assaulted by an unidentified person while walking home from a bus stop. Like his allegations concerning the incidents of harassment

8

occurring before October 7, 2010, Stone did not plead any facts connecting these incidents to Stone's age or his filing of an age discrimination lawsuit against the County in 1996.

On March 12, 2013, the County filed a second motion to strike, requesting the court strike from the SAC the allegations concerning the incidents that occurred before October 7, 2010. On October 15, 2013, the court granted the County's second motion to strike.

### III.    Summary Judgment Proceedings

#### 1.    The County's summary judgment motion

On January 21, 2014, the County moved for summary judgment or, in the alternative, summary adjudication of Stone's individual claims. The County argued Stone's claims brought under FEHA were limited to incidents that occurred after October 7, 2010, or one year before Stone filed his first complaint with the DFEH. Accordingly, the County contended Stone could not rely on any incidents of harassment, discrimination, or retaliation that he alleged occurred before October 7, 2010, such as the incidents addressed in the allegations that were struck from Stone's FAC and SAC. The County argued Stone could not prevail on any of his claims brought under FEHA because none of the complained-of adverse employment actions by the Sheriff's Department were based on Stone's age or performed in retaliation for any activity protected by FEHA.

Before filing its summary judgment motion, the County deposed Stone. Stone testified that, as an Accountant II, he is only responsible for paying bills that are directed at the Sheriff's Department. He is not responsible for supervising any employees.

Stone also testified about the interview process for the Accounting Officer I position that he applied for in 2011. He was interviewed by Ocampo and two other Sheriff's Department employees. Stone could not recall Ocampo making any comments about Stone's age during the interview. Stone also did not feel like Ocampo had exhibited any form of bias against Stone because of his age. When asked why he

9

believed he had been discriminated against because of his age when he did not receive the promotion, Stone stated he believed it had something to do with the incident in February 2010, when a manager and a supervisor stood near his desk and talked about the "old employee" who needed to leave the Sheriff's Department. However, Stone testified that the manager and the supervisor who spoke about the "old employee" did not work in the Fiscal Administration Bureau, the department in which the Accounting Officer I position was available. He also testified that they never interviewed him in connection with the promotion opportunity, and that he did not know whether they had been in contact with any of the Sheriff's Department personnel involved in the Accounting Officer I promotion process.

Stone also testified about several of the incidents that occurred between 1995 and February 2010 and which he believed constituted discrimination or harassment. However, when asked to explain why he believed those incidents were connected to his age, Stone could only speculate. For example, Stone testified that he was harassed by someone in plain clothes while he was standing at a bus stop. He believed that the person was an undercover agent working at the direction of the County. When asked why he believed the County would send an undercover agent to harass him, Stone testified, "Well, the old guy's gotta go, get rid of him any way we can." Stone could not identify any other reason why he believed the County would send a plain-clothed agent to harass him. Stone also testified that he had never complained to any County personnel, or filed any formal complaint with the County, about age discrimination before filing his claim with DFEH in October 2011.

### 2. Stone's opposition

Stone opposed the County's motion for summary judgment. He argued the incidents that occurred before October 7, 2010 could form the basis of his FEHA claims even though they fall outside the statute's one-year limitations period. Specifically, he argued those incidents were part of a continuous pattern of discriminatory, harassing, and retaliatory conduct that extends FEHA's limitations period to the first incident in that pattern of conduct. Stone also argued the County failed to present any admissible

10

evidence that the Sheriff's Department did not have a discriminatory or retaliatory motive when it decided not to promote him to Accounting Officer I in May 2011.

### 3. Evidentiary objections

Both parties submitted written evidentiary objections. Stone raised 15 objections to the County's evidence submitted in support of its summary judgment motion. The County raised 141 objections to Stone's declaration and several exhibits attached to the declaration, which were submitted in support of Stone's opposition.

### 4. The court's rulings

On July 31, 2014, the court conducted a hearing on the County's summary judgment motion. The court first ruled on the parties' evidentiary objections. The court sustained 78 of the County's 141 objections, overruling the County's remaining 63 objections. The court sustained three of Stone's 15 objections, overruling Stone's remaining 12 objections. After hearing argument from counsel, the court took the summary judgment motion under submission.

On August 7, 2014, the court issued a written ruling and order on the County's summary judgment motion. The court ruled that Stone could not rely on the allegations of discrimination, harassment, and retaliation stemming from incidents occurring before October 7, 2010 to support his claims because the court had already struck those allegations from Stone's FAC and SAC as untimely under FEHA's one-year statute of limitations. With respect to Stone's claims stemming from the Sheriff's Department's refusal to promote Stone to Accounting Officer I in May 2011 and its removal of Stone's name from the Accounting Officer I eligibility list in February 2012, the court found no triable issues of fact. Specifically, the court found the County presented evidence that the Sheriff's Department had legitimate, non-discriminatory and non-retaliatory reasons for its actions, evidence that Stone did not adequately rebut. The court also found no triable issues of fact as to Stone's other claims of discrimination based on his interactions with other Sheriff's Department employees, such as his claim that an unknown employee had poisoned his coffee creamer. The court reasoned Stone failed to allege any facts that, if taken as true, would demonstrate

11

those incidents were the result of discriminatory or retaliatory motives prohibited under FEHA.  The court then granted the County's motion for summary judgment and directed judgment to be entered in the County's favor.

On February 3, 2015, Stone filed a notice of appeal.

## DISCUSSION

### I.  Stone's Appeal Is Timely

The County contends Stone's appeal from the trial court's grant of summary judgment is untimely.[5]  Specifically, the County argues Stone failed to file his notice of appeal within 60 days after the court served him with the judgment, as required by rule 8.104, subdivision (a)(1)(A) of the California Rules of Court (rule 8.104).  Stone counters that the court never served a "Notice of Entry" of judgment or a file-stamped copy of the judgment that shows the date on which that document was served, and, as a result, the 60-day period for filing a notice of appeal was never triggered.  (See Cal. Rules of Court, rule 8.104, subd. (a)(1)(A).)  Instead, Stone argues he had 180 days from the date judgment was entered under rule 8.104, subdivision (a)(1)(C).  Since he filed his notice of appeal within 180 days of the date the court entered judgment, Stone argues his appeal is timely.

On August 7, 2014, the court issued a 26-page written ruling and order on the County's summary judgment motion.  The court did not, however, enter a formal judgment, and a "Notice of Entry" of judgment was never served on the parties.  Because it is clear the court intended to enter judgment in favor of the County when it

---

**5**     Initially, the County tried to have Stone's appeal dismissed as premature.  On March 17, 2015, before the parties submitted their appellate briefs, the County filed in this Court a motion to dismiss Stone's appeal.  The County argued Stone's appeal was premature because it was taken from the order granting summary judgment, not an actual judgment.  Stone filed an opposition, arguing the court's August 7, 2014 order should be construed as a final judgment because the court intended to enter judgment in the County's favor when it stated in its ruling, "Judgment is entered in favor of Defendant County of Los Angeles."  On April 7, 2015, we denied the County's motion to dismiss.

12

stated in its written ruling and order that "Judgment is entered in favor of Defendant County of Los Angeles," we construe that ruling and order to be a final, appealable judgment. (See *Swain v. California Casualty Ins. Co.,* (2002) 99 Cal.App.4th 1, 5-6 [where it is clear the trial court intended to enter judgment, but it did not take all of the necessary steps to do so, a reviewing court may construe an order granting summary judgment to be a final, appealable judgment].)[6]

We now turn to the issue of whether Stone's appeal from that judgment is timely. The time for filing an appeal is governed by rule 8.104 of the California Rules of Court. (*E.M. v. Los Angeles Unified School Dist.* (2011) 194 Cal.App.4th 736, 744.) That rule provides in relevant part: "Unless a statute, rule 8.108, or rule 8.702 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.104, subd. (a)(1).)

To trigger the shorter 60-day period under subdivision (a)(1)(A) of rule 8.104, the court clerk must serve on the appealing party a document that either is entitled "Notice of Entry" of judgment or is a file-stamped copy of the judgment, and that indicates the date on which the document was served. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905; see also Cal. Rules of Court, rule 8.104, subd. (a)(1)(A).) Rule 8.104, subdivision (a)(1)(A) requires the court to use a single document that shows the date on which it was served, and which satisfies all of the rule's other requirements without reference to other documents. (*Ibid*.) In other words,

---

[6] While we construe the court's ruling as a final judgment, we do not condone this practice by trial courts. (See *Davis v. Superior Court* (2011) 196 Cal.App.4th 669.)

13

the date of service must be stated on the document that either is entitled "Notice of Entry" of judgment or is the file-stamped copy of the judgment. (*Ibid.*) If the document served on the appealing party does not show the date on which it was served, the 60-day period is not triggered. (*Ibid.*) If a judgment is entered and no document that complies with rule 8.104, subdivisions (a)(1)(A) or (a)(2)(B), is served on the appealing party, that party has 180 days from the date the judgment is issued to file its notice of appeal. (Cal. Rules of Court, rule 8.104, subd. (a)(1)(C).) Courts apply rule 8.104 literally. (*Sunset Millennium Associates, LLC v. Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260.)

Here, the 60-day period under rule 8.104, subdivision (a)(1)(A), was never triggered. As noted, the court never served Stone with a "Notice of Entry" of judgment. Although the court mailed Stone a file-stamped judgment, that document does not include the date on which it was served, and the court never served Stone with any other document that satisfies subdivision (a)(1)(A)'s requirements. In addition, although counsel for Stone stated in his declaration in support of Stone's opposition to the County's motion to dismiss that the court mailed him a copy of the judgment in an envelope with a postage stamp dated August 7, 2014, that envelope is not part of the judgment. Accordingly, it does not satisfy the requirement that the document constituting either the "Notice of Entry" of judgment or the file-stamped judgment contain the date on which the document was served. (See *Alan*, *supra*, 40 Cal.4th at p. 905 ["the rule does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal"].) The parties also do not dispute the 60-day period under subdivision (a)(1)(B) was never triggered. Therefore, Stone had 180 days from the date the judgment was entered—i.e., August 7, 2014—to file his notice of appeal. (See Cal. Rules of Court, rule 8.104, subd. (a)(1)(C).) Stone filed his notice of appeal on February 3, 2015, or 180 days after the court entered judgment. Therefore, his appeal is timely.

14

## II.  The Court Properly Granted Summary Judgment

### 1.  Standard of review

On appeal from a grant of summary judgment, we review the record and the ruling of the trial court de novo.  (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 (*Guz*).)  We consider all the evidence presented by the parties in connection with the motion (except that which was properly excluded) and all uncontradicted inferences that the evidence reasonably supports.  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)  However, "[w]e do not resolve conflicts in the evidence as if we were sitting as the trier of fact.  [Citation.]  Instead, we draw all reasonable inferences from the evidence in the light most favorable to the party opposing summary judgment.  [Citation.]" (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 961.)

A grant of summary judgment is proper if the evidence shows there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc. § 437c, subd. (c); see also *Guz*, *supra*, 24 Cal.4th at p. 334.)  "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted.)

"The pleadings play a key role in a summary judgment motion.  ' "The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues . . . " ' and to frame 'the outer measure of materiality in a summary judgment proceeding.'  [Citation.]  As our Supreme Court has explained it:  'The materiality of a disputed fact is measured by the pleadings [citations], which "set the boundaries of the issues to be resolved at summary judgment." [Citations.]'  [Citation.]  Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate plaintiff's theories of liability *as alleged in the complaint;* that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings.

[Citations.]" (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493 (*Hutton*).)

"Furthermore, ' " ' "[t]he [papers] filed in response to a defendant's motion for summary judgment may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings." ' " [Citation.]' [Citation.] An opposing party's separate statement is not a substitute for amendment of the complaint. [Citation.] Similarly, ' " '[d]eclarations in opposition to a motion for summary judgment "are no substitute for amended pleadings." . . . If the motion for summary judgment presents evidence sufficient to disprove the plaintiff's claims, . . . the plaintiff forfeits an opportunity to amend to state new claims by failing to request it.' " [Citations.]' [Citation.]" (*Hutton*, *supra*, 213 Cal.App.4th at p. 493.)

### 2.      The court's evidentiary rulings

Before reaching the merits of the court's decision to grant summary judgment in favor of the County, we address Stone's challenges to the court's evidentiary rulings. When reviewing an order granting or denying a motion for summary judgment, we " ' "consider[] all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' [Citation.]" (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037 (*Yanowitz*).) A party who fails to attack the trial court's evidentiary rulings on appeal forfeits any contentions of error concerning them. (*Frittelli, Inc. v. 350 North Canon Drive, LP* (2011) 202 Cal.App.4th 35, 41.) If the appellant does not challenge the court's rulings excluding certain evidence, we will not consider that evidence when reviewing the order granting summary judgment. (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1181 (*Wall Street*).)

To preserve for appeal a challenge to a trial court's ruling, the appellant " 'must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Citation.]" (*Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*); see also *In re Marriage of*

16

*Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["[t]he absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived"].)

Stone contends the court made several errors when ruling on the parties' evidentiary objections. First, he argues the court erred in sustaining the County's objections to 29 statements he made in his declaration in support of his opposition to summary judgment. Although Stone quotes the statements he believes the court should not have excluded, he does not provide any argument or citations to legal authority addressing why the court erred in sustaining the County's objections to those statements. In fact, he does not even identify on what grounds the court excluded the statements. Because Stone has failed to set forth any legal basis to find the court erred in excluding the statements, he has forfeited any challenge to the court's rulings excluding those statements. (*Cahill*, *supra*, 194 Cal.App.4th at p. 956.) Therefore, we do not consider those statements in our review of the court's summary judgment ruling. (*Wall Street*, *supra*, 164 Cal.App.4th at p. 1181.)

Stone also contends the court erred in sustaining 12 objections made by the County that do not comply with the technical requirements of rule 3.1354 of the California Rules of Court (rule 3.1354).[7] Specifically, Stone argues it was reversible error for the court to sustain those objections because the County failed to quote or set forth the text of the objectionable statements, as required by subdivision (b)(3) of rule 3.1354. For example, 12 of the County's sustained objections identify only the pages,

---

[7] Rule 3.1354 provides in relevant part: "**Format of objections** [¶] All written objections to evidence must be served and filed separately from the other papers in support of or in opposition to the motion. Objections to specific evidence must be referenced by the objection number in the right column of a separate statement in opposition or reply to a motion, but the objections must not be restated or reargued in the separate statement. Each written objection must be numbered consecutively and must: [¶] (1) Identify the name of the document in which the specific material objected to is located; [¶] (2) State the exhibit, title, page, and line number of the material objected to; [¶] (3) Quote or set forth the objectionable statement or material; and [¶] (4) State the grounds for each objection to that statement or material." (Cal. Rules of Court, rule 3.1354, subd. (b).)

paragraphs, and line numbers at which the statements appear in Stone's declaration, without setting forth the text of the objectionable statements. Stone did not challenge the form of the County's objections below.

Stone attempts to rely on *Demps v. San Francisco Housing Authority* (2007) 149 Cal.App.4th 564 (*Demps*) to contend the trial court committed reversible error by sustaining the County's objections that did not comply with rule 3.1354. Stone, however, misconstrues *Demps*, asserting that it stands for a proposition that was not considered in that case. Stone asserts: "In *Demps*, . . . the appellate court chastised the trial Court because it sustained objections that failed to quote the evidence objected to, in violation of California Rules of court, rule 3.1354. The trial Court's ruling was reversed on appeal."

Although *Demps* addresses an issue involving evidentiary objections in the summary judgment context, it does not discuss the issue Stone claims it does—i.e., whether it is reversible error for a trial court to sustain an objection that does not comply with all of the technical requirements of rule 3.1354. Instead, *Demps* addresses whether it is proper for a trial court, when deciding a summary judgment motion, to refuse to rule on evidentiary objections and instead state that it would consider only evidence that is "relevant and pertinent." (*Demps*, *supra*, 149 Cal.App.4th at pp. 574-579.) The facts of that case do not suggest the evidentiary objections at issue failed to comply with rule 3.1354's technical requirements, and that issue is not addressed in the court's analysis of the party's claims on appeal. (See *ibid*.) Although the court in *Demps* cites rule 3.1354, it does so in passing in a footnote, observing that the rule should make it easier for a trial court to rule on voluminous evidentiary objections. (See *id*. at p. 578, fn. 6.) Also contrary to Stone's representation of the case, *Demps* affirms, rather than reverses, the trial court's grant of summary judgment. (*Id*. at pp. 579-580.)

Stone cites no other authority to support his proposition that, without a challenge by the opposing party to the form of written objections, it is error for a trial court to rule on those objections when they do not comply with rule 3.1354's technical requirements. We do not need to decide the issue, however, because even if we were to assume the

18

court erred in ruling on the County's objections, Stone fails to demonstrate he was prejudiced by the court's rulings.

Before a judgment may be reversed on appeal, the appellant must demonstrate the trial court's error resulted in a "miscarriage of justice." (Cal. Const., art. VI, § 13.) " 'Reversal is justified "only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." [Citations.]' [Citations.]" (*Sabato v. Brooks* (2015) 242 Cal.App.4th 715, 724-725 (*Sabato*).) Prejudice is not presumed; the burden is on the appellant to affirmatively demonstrate he or she was prejudiced by the challenged error. (*Winfred D. v. Michelin North America, Inc.* (2008) 165 Cal.App.4th 1011, 1038 (*Winfred D.*).)

Here, the error Stone complains of arises out of the County's failure to comply with the technical requirements for filing written evidentiary objections. Stone does not contend the objections should have been overruled for any other reason, such as because the objected-to statements were admissible and could not have been excluded under any rule of evidence. Thus, we limit our analysis of prejudice to the alleged error stemming from the County's failure to follow rule 3.1354's technical requirements in drafting its written objections. Stone has failed to demonstrate that he was prejudiced by the court's rulings on those objections. He did not argue below, and he does not argue on appeal, that he could not determine what evidence the County was objecting to. Nor does he argue that he was in any other way inhibited from opposing the County's objections due to the technical error in their form. Because Stone does not argue the court otherwise erred in sustaining the County's 12 objections, we will not disturb the court's rulings.

Finally, Stone contends the court erred in failing to exclude a statement made by Glen Joe, the director of the department to which Stone applied for the promotion to Accounting Officer I in April 2011. Stone argues the court should have excluded the following statement included in Joe's declaration in support of the County's summary

19

judgment motion: "Plaintiff was not discriminated against based on his age or retaliated against for any promotional activity under [FEHA] or for any whistleblower activities, of which I had no knowledge." Stone asserts Joe lacked personal knowledge concerning whether the County discriminated or retaliated against Stone, and he claims Joe's statement constitutes an improper opinion and legal conclusion. Stone argues the court's admission of Joe's statement was reversible error.

Once again, Stone fails to demonstrate he was prejudiced by the court's evidentiary ruling. He offers no more than a conclusory statement that the judgment should be reversed, claiming the error goes to the "crux of the matter." However, he makes no attempt to explain why it is reasonably probable the court would have reached a different result had the statement been excluded. (See *Sabato*, *supra*, 242 Cal.App.4th at pp. 724–725.)

### 3. The court properly limited Stone's claims to acts alleged to have occurred within FEHA's one-year statutory period

Stone next contends the court erred by limiting his claims of discrimination, harassment, and retaliation to incidents that occurred on or after October 7, 2010. Stone argues the incidents that occurred before October 7, 2010 demonstrate a continuing course of unlawful conduct by the Sheriff's Department that, under the "continuing violation" doctrine, extend FEHA's statute of limitations.

Claims for violation of FEHA must be brought within one year from the date of the alleged unlawful employment practice, unless certain conditions that are not relevant here exist to extend the limitations period. (§ 12960, subd. (d).) Accordingly, claims for discrimination, harassment, and retaliation under FEHA generally must be based on conduct prohibited by the statute that has occurred within one year of the date an employee files a complaint with the DFEH. (See *Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 811-812 (*Richards*).)

One exception to FEHA's one-year statute of limitations is the continuing violation doctrine. (*Salazar v. Thomas* (2015) 236 Cal.App.4th 467, 477, fn. 10.) Under that exception, a FEHA claim may be based in part on incidents that fall outside

FEHA's one-year limitations period if the employee demonstrates those incidents are part of a larger, continuing pattern of unlawful conduct, part of which falls within the one-year period. (*Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1040 (*Cucuzza*).) To utilize the exception, the employee must demonstrate the employer's actions that violate FEHA are: (1) sufficiently similar in kind; (2) have occurred with reasonable frequency; and (3) have not acquired a degree of permanence. (*Richards*, *supra*, 26 Cal.4th at p. 823.)

For the continuing violation doctrine to apply, an employee must demonstrate the adverse employment actions by the employer that fall outside FEHA's statute of limitations constitute conduct that is unlawful under FEHA. (See *Cucuzza*, *supra*, 104 Cal.App.4th at p. 1041 [the employer's actions that form part of the continuous pattern of conduct must be unlawful under FEHA].) In other words, the actions must be a form of discrimination, harassment, retaliation, or other conduct that is *based on*, or carried out *because of*, a protected class or status, such as age, race, or disability.

Here, the court properly limited Stone's claims of discrimination, harassment, and retaliation to incidents occurring on or after October 7, 2010. Addressing first the allegation that do not involve Stone's denied requests for promotion, such as Stone's claims that he was discriminated against because he had protested against the Sheriff's Department in the mid-1990s and that he was harassed by Sheriff's Department employees in 1999 when they directed their air blowers at him in the Department parking lot, Stone has failed to raise a triable issue of fact concerning the County's statute of limitations defense. (See *Cucuzza*, *supra*, 104 Cal.App.4th at p. 1042.) Specifically, Stoned failed to allege any facts that would bring those incidents within the scope of FEHA. (See *Hutton*, *supra*, 213 Cal.App.4th at p. 493; *Danieley v. Goldmine Ski Associates, Inc.* (1990) 218 Cal.App.3d 111, 119 (*Danieley*) [the factual issues in a summary judgment proceeding are framed by the allegations set forth in the pleadings].) For example, Stone did not allege that any of the Sheriff's Department personnel involved in those incidents knew Stone's age or were aware of the fact that he had filed a lawsuit against the County for age discrimination in 1996. Stone also did not

allege that any of the Sheriff's Department personnel had engaged in conduct or made remarks that would indicate they were motivated to act because of Stone's age. In short, accepting Stone's allegations as true, they do not give rise to an inference that the Sheriff's Department harassed or discriminated against Stone because of his age, or retaliated against Stone for engaging in activity protected under FEHA.

The same is true for Stone's claim concerning his request for promotion to Accountant III that was denied around 2008. As noted, Stone did not allege any facts concerning the process through which his request for promotion was denied. For example, he did not allege any facts identifying which employees within the Sheriff's Department were responsible for deciding whom to promote to Accountant III, addressing how he was treated during the promotion process, or identifying who received the promotion. Thus, accepting as true Stone's allegations concerning his denied request for promotion to Account III, those allegations do not support an inference that Stone was denied the promotion on grounds actionable under FEHA.[8]

### 4. No triable issues of fact exist with respect to Stone's remaining FEHA claims

The only actions alleged in Stone's lawsuit that would support claims for violation of FEHA and that are timely under the statute's one-year limitations period are the Sheriff's Department's refusal to promote Stone to Accounting Officer I in May 2011 and the removal of Stone's name from the Accounting Officer I eligibility list

---

[8] In his opening brief, Stone also argues the court erred in refusing to consider statements in his declaration in support of his opposition to summary judgment that the Sheriff's Department had denied his requests for promotion to other positions between 1992 and 2011, in addition to his requests for promotion to the Accountant III position around 2008 and the Accounting Officer I position in 2011. However, Stone did not include any allegations concerning those requests in his SAC, the operative complaint in this case. Because Stone did not include any allegations in the SAC concerning those requests for promotion, the trial court properly refused to consider them in ruling on the County's summary judgment motion. (See *Hutton*, *supra*, 213 Cal.App.4th at p. 493.)

in February 2012.[9]  The trial court properly granted summary judgment in favor of the County on Stone's claims based on those actions.

### i.  Stone did not show that the Sheriff's Department discriminated against him in violation of FEHA

FEHA prohibits an employer from discriminating against an employee on the basis of age.  (§ 12940, subd. (a).)  To establish a claim for age discrimination under FEHA, an employee must prove "the adverse employment action taken was based on his or her age."  (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1002 (*Hersant*).)  Specifically, the employee must show that he or she:  (1) is over the age of 40; (2) suffered an adverse employment action; (3) was performing satisfactorily at the time of the adverse employment action; and (4) suffered the adverse action under circumstances that give rise to an inference of unlawful discrimination, i.e., evidence that the plaintiff was replaced by, or was passed over for a promotion for, someone significantly younger than the aggrieved employee.  (*Sandell v. Taylor-Listug, Inc.* (2010) 188 Cal.App.4th 297, 321.)

An employer can prevail on a claim for violation of FEHA at the summary judgment stage by presenting evidence that the complained-of employment action was based on legitimate, non-discriminatory or non-retaliatory reasons.  (*Arteaga v. Brink's,*

---

[9]  As noted, Stone alleged in his SAC and claimed in his declaration in support of his opposition to summary judgment that he had been discriminated against, or harassed, on other occasions after October 7, 2010.  For example, he claimed that, in 2011, he had been harassed at a bus stop by an unidentified person and that, in 2012, an unidentified Sheriff's Department employee had replaced the creamer in the coffee room with poison.  However, Stone does not address these incidents in his opening brief with respect to his challenge to the court's findings that no triable issues of fact exist as to whether the County engaged in unlawful discrimination, harassment, or retaliation.  Accordingly, we limit our discussion of the court's findings to the Sheriff's Department's refusal to promote Stone to Accounting Officer I in May 2011 and its removal of Stone's name from the Accounting Officer I eligibility list in February 2012.  (See *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 (*Christoff*) [an appellant's failure to discuss issues in its opening brief forfeits those issues on appeal].)

*Inc.* (2008) 163 Cal.App.4th 327, 344.) If the employer presents such evidence, the burden shifts to the employee to produce evidence demonstrating the employer in fact had a discriminatory or retaliatory motive or the employer's proffered non-discriminatory or non-retaliatory reason is a pretext for discrimination or retaliation. (*Ibid.*)

<blockquote>

**a.** **Stone did not show that the Sheriff's Department discriminated against him when it refused to promote him to Accounting Officer I**

</blockquote>

Stone contends a triable issue of fact exists as to whether the Sheriff's Department discriminated against him when it refused to promote him to Accounting Officer I in May 2011. He argues the County failed to present sufficient evidence to demonstrate the Sheriff's Department's decision was based on a non-discriminatory motive. Specifically, he argues the County relied solely on inadmissible evidence to demonstrate it had a non-discriminatory reason for promoting a different employee, namely hearsay statements in Joe's declaration that Stone was reportedly unprepared for his interview. Accordingly, Stone argues, the burden never shifted to him to produce evidence that the County's proffered non-discriminatory reason was pretext. We disagree.

Although the court did sustain objections to statements in Joe's declaration about Stone's level of preparedness for, and behavior during, his interview with Ocampo for the Accounting Officer I position, the County presented other evidence that was not excluded by the court, and which Stone did not challenge below, that establishes a non-discriminatory reason for the Sheriff's Department's decision to award the promotion to a different employee. Specifically, the County presented evidence that Stone was not as qualified for the Accounting Officer I position as the younger applicant who was awarded the promotion. Joe, the director of the Fiscal Administration Bureau, stated in his declaration that he was the final decision maker in the Accounting Officer I promotion process. Although he did not participate in interviewing the applicants, he reviewed the application materials for the promotion and

Ocampo's recommendation based on the applicants' interviews before deciding who would be awarded the promotion. Based on his review of those materials, Joe believed the applicant chosen for the promotion was the most qualified because she had broad accounting experience within the Sheriff's Department, she was already serving in a higher-ranking accounting position than Stone (the promoted applicant was an Accountant III, while Stone was an Accountant II) and, unlike Stone, she had experience supervising other employees.

In addition, Stone's own deposition testimony negates any inference that the Sheriff's Department discriminated against him during the promotion process. Stone testified that his interviewer, Ocampo, did not make any comments about his age during the interview, and that he did not observe Ocampo engage in any conduct that would suggest Ocampo was biased against him because of his age.

To be sure, Stone testified in his deposition that he believed he was denied the promotion because of the February 2010 incident when a supervisor and a manager from the Facilities Services Bureau made comments about an "old employee" while standing near Stone's desk. This evidence, however, is not sufficient to show the non-discriminatory reason the Sheriff's Department provided in support of its decision to promote an applicant who was younger than Stone was a pretext for a discriminatory motive. First, the incident was far-removed in time from when Stone was denied the promotion; it occurred more than a year earlier. Second, Stone testified that neither the supervisor, nor the manger, worked in the Fiscal Administration Bureau, where the Accounting Officer I position was located. He also testified that the supervisor and the manager did not participate in his interview for the Accounting Officer I position, and that he did not know whether the manager or the supervisor had spoken to anyone involved in the promotion process. Stone did not present any other evidence suggesting the Sheriff's Department's explanation for awarding the Accounting Officer I promotion to a younger applicant was a pretext for a discriminatory motive.

25

### b. Stone did not show that the Sheriff's Department discriminated against him when it removed his name from the Accounting Officer I eligibility list

We preliminarily note Stone includes no argument in his opening brief addressing whether triable issues of fact exist concerning the Sheriff's Department's removal of his name from the Accounting Officer I eligibility list in February 2012. Although Stone addresses the issue in his reply brief, he does not explain why he failed to address the issue in his opening brief.

Generally, an appellant cannot raise issues for the first time in his or her reply brief that could have been raised in the opening brief. (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500 (*REO Broadcasting*).) If the appellant does not demonstrate good cause for why he or she did not raise those issues in the opening brief, a reviewing court will not consider the issues on appeal. (*Ibid.*) In addition, "[o]n review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court." (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230 (*Claudio*).) " 'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed.' [Citation.]" "Thus, an appellant's failure to discuss an issue in its opening brief forfeits the issue on appeal." (*Christoff*, *supra*, 134 Cal.App.4th at p. 125.) Because Stone did not raise the issue in his opening brief, he has forfeited his challenge to the court's finding that no triable issues of fact exist stemming from the Sheriff's Department's removal of his name from the Accounting Officer I eligibility list.

In any event, we have reviewed the merits of Stone's claim and conclude no triable issues of fact exist concerning whether the Sheriff's Department discriminated against Stone when it removed his name from the Accounting Officer I eligibility list. The County presented evidence demonstrating that Stone's name was removed from the

eligibility list for a non-discriminatory reason. Specifically, the County showed that Stone's name was removed automatically from the list under rule 10.06 of the Civil Service Rules, a rule that applies to all applicants seeking a position with the County. Stone presented no evidence that the County's reliance on rule 10.06 was a pretext to hide a discriminatory purpose for removing his name from the eligibility list.

In sum, we conclude the trial court properly found no triable issues of fact exist concerning whether the Sheriff's Department unlawfully discriminated against Stone when it did not promote him to Accounting Officer I in May 2011 and removed his name from the Accounting Officer I eligibility list in February 2012.[10]

### ii. Stone did not show that the Sheriff's Department retaliated against him in violation of FEHA

FEHA also prohibits an employer from retaliating against an employee for engaging in activity protected under the statute. (§ 12940, subd. (h).) Under section 12940, subdivision (h), "[i]t is an unlawful employment practice . . . [f]or any employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]." (§ 12940, subd. (h).)

To establish a prima facie case for retaliation, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." (*Yanowitz, supra*, 36 Cal.4th 1028, 1042.) A "protected activity" under FEHA is conduct that opposes, or complains of, the employer's actions based on the employee's reasonable belief that some act or practice of the employer is discriminatory or otherwise unlawful under FEHA. (See *id*. at p. 1043.)

---

[10] Because the evidence is undisputed that the Sheriff's Department was not motivated by Stone's age when it denied his request for promotion to Accounting Officer I and removed his name from the Accounting Officer I eligibility list, the trial court also properly found those acts do not constitute harassment under FEHA.

27

Like in discrimination cases, the employer can prevail on a retaliation claim on summary judgment if it presents evidence of a legitimate, non-retaliatory reason for the adverse employment action. (*Yanowitz*, *supra*, 36 Cal.4th at p. 1042.) If the employer makes such a showing, "the presumption of retaliation ' " 'drops out of the picture,' " ' and the burden shifts back to the employee to prove intentional retaliation. [Citation.]" (*Ibid*.)

Before proceeding, we note Stone's opening brief is also devoid of any meaningful discussion of his retaliation claim as it relates to the Department's decision not to promote him to Accounting Officer I and the removal of his name from the Accounting Officer I eligibility list. Although Stone addresses the retaliation claim in his reply brief, he fails to explain why he did not address the issue in his opening brief. Accordingly, Stone has forfeited his claim on appeal that the court erred in finding no triable issues of fact exist as to his retaliation claim. (See *REO Broadcasting*, *supra*, 69 Cal.App.4th at p. 500; *Claudio*, *supra*, 134 Cal.App.4th at p. 230; *Christoff*, *supra*, 134 Cal.App.4th at p. 125.)

In any event, for reasons similar to those discussed above, we conclude no triable issues of fact exist concerning Stone's claim for retaliation under FEHA. The County presented evidence that the decision to not promote Stone to Accounting Officer I was based on the relative qualifications of the applicants for the position, and that it was not motivated by Stone filing a lawsuit against the County for age discrimination in 1996 or submitting complaints to County or Sheriff's Department's officials about alleged incidents of harassment and discrimination. Joe testified that at the time he decided not to award the promotion to Stone, he was unaware Stone had filed a lawsuit against the County for age discrimination in 1996, or that Stone had complained to County or Sheriff's Department officials about alleged incidents of harassment and discrimination in the past. Stone failed to rebut this evidence. He did not present evidence that anyone involved in the promotion process was aware of his 1996 discrimination lawsuit or any other protected activity he claims he engaged in. In fact, Stone testified during his deposition that he had never complained to any Sheriff's Department or County

28

personnel that he believed he was being discriminated against, or harassed, because of his age.

With respect to Stone's claim that the County retaliated against him when it removed his name from the Accounting Officer I eligibility list, the County presented evidence that Stone's name was automatically removed from the list under rule 10.06 of the Civil Service Rules. Stone presented no evidence that the County's reliance on rule 10.06 was a pretext to hide a retaliatory purpose for removing his name from the eligibility list.

In sum, we conclude the trial court properly found no triable issues of fact exist concerning whether the Sheriff's Department retaliated against Stone in violation of FEHA when it did not promote him to Accounting Officer I in May 2011 and removed his name from the Accounting Officer I eligibility list in February 2012

### 5. Stone forfeited his challenge to the trial court's rulings on his remaining FEHA claims and his non-FEHA claim for retaliation

In his opening brief, Stone makes no reference to his claims for failure to prevent discrimination and harassment under FEHA (§ 12940, subd. (k)) and retaliation under section 53298, subdivision (a), and Labor Code section 1102.5. Stone does not mention that he included the claims in his lawsuit, nor does he include any legal argument addressing those claims or cite any legal authority relevant to those claims. Although Stone discusses the claims and the applicable legal standards in his reply brief, he again fails to explain why such a discussion could not have been included in his opening brief. Accordingly, Stone has forfeited any challenge to the court's finding that no triable issues of fact exist as to those claims. (See *REO Broadcasting*, *supra*, 69 Cal.App.4th at p. 500; *Claudio*, *supra*, 134 Cal.App.4th at p. 230; *Christoff*, *supra*, 134 Cal.App.4th at p. 125.)

## DISPOSITION

The judgment is affirmed.  The County shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                                     LAVIN, J.

WE CONCUR:

EDMON, P. J.

STRATTON, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.